# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1061

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Marvin Dennis Starr, | * | Southern District of Iowa. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |
| | * | |

_____

Submitted: December 26, 2007
Filed: January 15, 2008

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

A jury found Marvin Dennis Starr guilty of producing child pornography, in violation of 18 U.S.C. § 2251(a), and possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The district court[1] sentenced him below the advisory Guidelines range to 240 months in prison and 10 years of supervised release. On appeal, his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and has moved to withdraw. For the reasons discussed below, we affirm.

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

Counsel first argues that there was insufficient evidence to support the production conviction because the children produced the images on their own, not at Starr's direction. Accepting all of the trial evidence and inferences therefrom that support the verdict, as we must, we conclude that a reasonable jury could have found Starr guilty. See United States v. Urkevich, 408 F.3d 1031, 1036 (8th Cir. 2005). The verdict in this case rested on a credibility determination, which is the province of the jury and which is virtually unreviewable on appeal. See United States v. Davis, 471 F.3d 938, 948 (8th Cir. 2006).

Next, counsel argues that the prosecutor engaged in misconduct by characterizing Starr as a pedophile and sexual predator, once each during his cross-examination of Starr and his closing argument. Because the defense did not object below, we review for plain error, and we conclude that the prosecutor's comments-- even if improper--did not so infect the trial as to render it fundamentally unfair. See United States v. Mullins, 446 F.3d 750, 757-59 (8th Cir.), cert. denied, 127 S. Ct. 284 (2006).

Having found no nonfrivolous issues after reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we affirm the judgment of the district court and grant counsel's request to withdraw.

_____